UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA

CASE NO.: 2:25-cv-03681

DON KOMARECHKA,

        Plaintiff,

v.

LOGODESIGNGURU.COM, INC. dba ZILLION DESIGNS,

        Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DON KOMARECHKA by and through his undersigned counsel, brings this Complaint against Defendant LOGODESIGNGURU.COM, INC. dba ZILLION DESIGNS for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff DON KOMARECHKA ("Komarechka") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Komarechka's original copyrighted Work of authorship.

2. Komarechka is a nature, macro and landscape photographer located in Ontario. From auroras to pollen, insects to infrared, much of Komarechka's photographic adventures reveal a deeper understanding of how the universe works. Komarechka teaches workshops on nature and macro photography as well as photographic editing and creative compositions. He has published a book entitled "Sky Crystals: Unraveling the Mysteries of Snowflakes," and one of those images appears on a limited-edition one ounce pure silver $20 coin produced by the Royal Canadian Mint. Komarechka has been featured in an episode of "The Nature of Things

with David Suzuki," worked with the BBC to create the title footage for the documentary series "Forces of Nature," and was credited as macro photographer in the Discovery documentary "Mosquito."

3.      Defendant LOGODESIGNGURU.COM, INC. dba ZILLION DESIGNS ("Zillion") is a design and digital marketing agency located in Yardley, Pennsylvania.  Zillion provides website design and development, logo design, printed merchandise, such as business cards, stationery and brochures, and digital marketing services.  At all times relevant herein, Zillion owned and operated the website located at the internet URL www.zilliondesigns.com (the "Website").  According to its Website, Zillion is "The #1 Design & Digital Marketing Agency," and it has been featured in Inc., Forbes, Entrepreneur, Capterra, GoodFirms and the Better Business Bureau.

4.      Komarechka alleges that Zillion copied his copyrighted Work from the internet in order to advertise, market and promote Zillion's business activities.  Zillion committed the violations alleged in connection with its design and digital marketing business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      Zillion is subject to personal jurisdiction in Pennsylvania.

8.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Zillion engaged in infringement in this district, Zillion resides in this district, and Zillion is subject to personal jurisdiction in this district.

## DEFENDANT

9. Logodesignguru.com, Inc. dba Zillion Designs is a Foreign Pennsylvania Corporation, with its principal place of business at 370 East Maple Avenue, Suite 304, Langhome, Pennsylvania, 19047, and can be served at the Registered Office from the Pennsylvania Secretary of State Registration at 2013 Polo Run Drive, Yardley, PA 19067.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2009, Komarechka created the photograph entitled "Maple Leaf Flag," which is shown below and referred to herein as the "Work".



11. Komarechka registered the Work with the Register of Copyrights on December 2, 2015, and was assigned registration number VA 1-982-107. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Komarechka published the Work on January 11, 2009, by displaying it on his website at https://www.donkom.ca/maple-leaf-flag/ (the "Komarechka Website"). At the time he

published the Work on the Komarechka Website and at all times thereafter, Komarechka offered licensing[1] to the public.

13. Komarechka's display of the Work on the Komarechka Website also included copyright management information ("CMI") in the form of Komarechka's name and signature embedded on the Work, and a link to the licensing terms for this specific Work (collectively, the "Attributions").

14. Komarechka's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

15. At all relevant times Komarechka was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY ZILLION

16. Zillion has never been licensed to use the Work at issue in this action for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, Zillion copied the Work.

18. On or about November 16, 2024, Komarechka discovered the unauthorized use of his Work on the Website at https://www.zilliondesigns.com/blog/brands-twitter-chats/.

19. Zillion copied Komarechka's copyrighted Work without Komarechka's permission or authority.

---

[1] https://donkom.ca/licensing/mlf-pricing-schedule.pdf

20. After Zillion copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its Canadian #StartupChats.

21. Zillion copied and distributed Komarechka's copyrighted Work in connection with its business for purposes of advertising and promoting Zillion's business, and in the course and scope of advertising and selling products and services.

22. Zillion committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

23. Komarechka never gave Zillion permission or authority to copy, distribute or display the Work at issue in this case.

24. When Zillion copied and displayed the Work at issue in this case, Zillion removed CMI from the Work.

25. Komarechka never gave Zillion permission or authority to remove CMI from the Work at issue in this case.

26. When Zillion copied and distributed the Work, it added false CMI to the Work.

27. Komarechka never gave Zillion permission or authority to add false CMI to the Work.

28. Komarechka notified Zillion of the allegations set forth herein on December 17, 2024, and January 13, 2025. To date, the parties have failed to resolve this matter.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

29. Komarechka incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Komarechka owns a valid copyright in the Work at issue in this case.

31. Komarechka registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32. Zillion copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Komarechka's authorization in violation of 17 U.S.C. § 501.

33. Zillion performed the acts alleged in the course and scope of its business activities.

34. Zillion's acts were willful.

35. Komarechka has been damaged.

36. The harm caused to Komarechka has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

37. Komarechka incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

38. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work for purposes of promoting the services of Zillion.

39. Zillion has a direct financial interest in the infringing material because it derives profits from the blog post on the Website displaying the infringed Work.

40. Despite having the ability to stop the infringed Work from being displayed on its Website, Zillion allowed the materials to remain up for display for purposes of generating sales of the infringed Work.

41. To the extent that the actions described above were performed by the third-party alone, Zillion is vicariously liable for the unauthorized copying, display, distribution, and

creation of derivative works of the Work without Komarechka's authorization in violation of 17 U.S.C. § 501.

42. Komarechka has been damaged.

43. The harm caused to Komarechka has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

44. Komarechka incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

45. The Work contains copyright management information ("CMI") in the form of Attributions on the Komarechka Website.

46. Zillion knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on the Website without any of the Attributions in violation of 17 U.S.C. § 1202(b).

47. Zillion distributed the Work to the Website knowing that CMI had been removed or altered without authority of the copyright owner or the law.

48. Zillion committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Komarechka's rights in the Work.

49. Zillion caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Komarechka's rights in the Work at issue in this action protected under the Copyright Act.

50. Komarechka has been damaged.

51. The harm caused to Komarechka has been irreparable.

## COUNT IV
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

52. Komarechka incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

53. The Work at issue in this case contains false CMI.

54. Zillion knowingly and with the intent to enable or facilitate copyright infringement, added CMI, to the Work at issue in this action in violation of 17 U.S.C. § 1202(a) by placing "th'nkdesign" on the Work to promote their Canadian startup community engagements on twitter chats, as shown below:



55. Zillion distributed copies of the Work to third parties which included false CMI conveyed in connection with the Work.

56. Zillion committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Komarechka's rights in the Work.

57. After applying the false CMI to the Work, Zillion distributed the Work in violation of 17 U.S.C. § 1202(a).

58. Komarechka has been damaged.

59. The harm caused to Komarechka has been irreparable.

WHEREFORE, the Plaintiff DON KOMARECHKA prays for judgment against the Defendant LOGODESIGNGURU.COM, INC. dba ZILLION DESIGNS that:

    a.    Zillion and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

    b.    Zillion be required to pay Komarechka his actual damages and Zillion's profits attributable to the infringement, or, at Komarechka's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

    c.    Komarechka be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d.    Komarechka be awarded pre- and post-judgment interest; and

    e.    Komarechka be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Komarechka hereby demands a trial by jury of all issues so triable.

Dated: July 17, 2025                                      Respectfully submitted,

*/s/ Joseph A. Dunne*
JOSEPH A. DUNNE
Bar Number: 325562
Joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
929.200.8446 – Telephone

561.404.4353 – Facsimile

*Counsel for Plaintiff Don Komarechka*